**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
|    Michael D. Kitz, Sr. | : |
|    Jennifer Kitz | : |
|           Debtor(s) | : NO.  16-17427 SR |

**SECOND AMENDED  CHAPTER 13 PLAN**

1.  The Debtor(s) shall pay the Trustee the total sum of $36,345.00 over a period of sixty (60) months.

The sum of $218.00 per month for the first five (5) months, starting in November, 2016 and then increasing to $641.00 per month for the following fifty-five (55) months, starting in April 2017.

2.  From the payments so received the Trustee shall make disbursements in the following order:

A.  First:

(i) Trustee's commission.(Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed ten (10%) percent.

(ii) The attorney fees for $1,500.00 owed to Michael A. Latzes, Esquire

B. Second:

(a) Holder of allowed secured claims shall retain their liens securing such claims and shall be paid as follows:

(i) The mortgage arrears of $27,623.60 owed to Select Portfolio Servicing (includes pre-petition mortgage arrears of $22,904.68 plus post-petition mortgage arrears of $4,718.92 per the stipulation/order entered on March 27, 2017).

(2) The water/sewer claim of $3,521.63 owed to the Philadelphia Water Revenue Bureau.

C.  Third:

(a) Full payment of deferred cash payments entitled to priority under 11 U.S.C. Section 507:

    D.  Fourth:

    (i) Any remaining balance shall be paid pro rata to unsecured creditors that file a Proof of Claim in a timely manner.

    3. Debtor will make their post-petition mortgage payments directly to Select Portfolio Servicing, starting in November, 2016.

    4. Upon completion of this or any other duly confirmed plan, as amended, or such earlier time when full payment under the plan is received by any of the respective creditors, all tax liens, security interests or mortgages that are paid in full, as such underlying obligations are finally determined by the Court, shall be satisfied of record without additional cost to the Debtor.

    5.  Upon completion of this or any other duly confirmed plan, as amended, all creditors listed in the Debtor's Schedules shall be discharged.

    6.  The following executory contracts of the Debtor are rejected:    NONE

    7.   The following leases of the Debtor are assumed: NONE

    8.  Property of the estate, being any property or income obtained prior or subsequent to an order confirming the Debtor's Chapter 13 Plan, will vest in the Debtor upon confirmation, and the Debtor shall have the sole right to the use and possession of same.

/S/ MICHAEL D. KITZ, SR.    4-3-17        /S/ JENNIFER KITZ    4-3-17
(DEBTOR) MICHAEL D. KITZ, SR.             (DEBTOR) JENNIFER KITZ